IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr201

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>JAMES MYRON JACKSON )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine offenses (Doc. No. 23), and the government's response (Doc. No. 24).

The defendant pled guilty to possessing a firearm after being convicted of a felony. (Doc. No. 14: Judgment at 1; Doc. No. 10: Plea Agreement at 1). The guideline range was determined through a cross-reference to USSG §2D1.1. (Presentence Report (PSR) at ¶ 15). Based on the possession of 7.2 grams of crack cocaine at the same time as the firearm, the base offense level of 26 was increased by 2 (firearm) and reduced by 3 (acceptance of responsibility) for a total of 25. (Id. at ¶¶ 15, 21, 22). Combined with a criminal history category of III, the resulting advisory guideline range was 70-87 months. (Doc. No. 15: Statement of Reasons (SOR) at 1). The Court sentenced the defendant to 70 months' imprisonment, the low end of the range. (Doc. No. 14: Judgment at 2).

The defendant moves to reduce his sentence based on retroactive amendments to the guidelines relating to crack cocaine offenses. (Doc. No. 23). As amended, USSG §1B1.10(b)(1) directs courts to determine the guideline range as if the amendments had been in place at the time

of sentencing. The amended offense level for possessing at least 5 but fewer than 20 grams of cocaine base is 24. USSG Supp. to Appx. C., Amend. 706 (2007). The addition of 2 levels for offense characteristics and the subtraction of 3 levels for acceptance of responsibility, results in a total offense level of 23. The amended guideline range, given a criminal history category of III, is 57-71 months. The defendant and the government recommend imposing a 57-month sentence, the low end of the amended range. (Doc. No. 23: Motion at 4; Doc. No. 24: Response at ¶ 9).

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **GRANTED** and the defendant's sentence is reduced to 57 months' imprisonment.

**IT IS FURTHER ORDERED** that, that upon release from imprisonment, and absent a residential plan accepted by the U.S. Probation Officer prior to release from incarceration, as a condition of supervised release the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Officer. All other terms and conditions previously imposed remain unchanged.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: November 17, 2010

Robert J. Conrad, Jr.
Chief United States District Judge